## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____ )
                                          )
**ELECTRONIC PRIVACY INFORMATION CENTER** )
**1718 Connecticut Ave., N.W.**            )
**Suite 200**                              )
**Washington, DC 20009**                   )
                                          )
   **Plaintiff,**          )
                                          )
 **v.**                               )
                                          ) Civil Action No._____
**FEDERAL BUREAU OF INVESTIGATION**        )
**Washington, DC 20530**                   )
                                          )
   **Defendant.**           )
_____ )

### COMPLAINT FOR INJUNCTIVE RELIEF

1.  This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 (2012), for injunctive and other appropriate relief, seeking the release of agency records requested by the Electronic Privacy Information Center ("EPIC") from the Federal Bureau of Investigation ("FBI").

2.  This lawsuit challenges the failure of the FBI to disclose documents in response to EPIC's February 10, 2012 Freedom of Information Act request. EPIC's FOIA Request sought agency records concerning the government's use of cell-site simulator, or "StingRay," technology to track cell phones and other wireless devices. Defendant has failed to comply with statutory deadlines and have failed to disclose a single record. EPIC asks the Court to order immediate disclosure of all responsive records.

### Jurisdiction and Venue

3.  This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(A)(vii), 5 U.S.C. § 552(a)(4)(B), and 5 U.S.C. §

552(a)(6)(C)(i) (2012).  This Court also has jurisdiction over this action pursuant to 28 U.S.C. §

1331 (2012).  Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) (2012).

## Parties

4.      Plaintiff EPIC is a public interest research organization incorporated as a not-for-

profit corporation in Washington, D.C. EPIC's conducts oversight of Government activities and

policies and analyzes their impact on civil liberties and privacy interests.  Among its other activities,

EPIC publishes books, reports, and a bi-weekly electronic newsletter.   EPIC also maintains a

popular Internet site, http://www.epic.org, which contains extensive information on current privacy

issues, including documents obtained from federal agencies under the FOIA. EPIC routinely and

systematically disseminates information to the public through its website and other media outlets.

EPIC is a representative of the news media in *EPIC v. Dep't of Defense,* 241 F. Supp. 2d. 5 (D.D.C.

2003).

5.      Defendant Federal Bureau of Investigation ("FBI") is a component of the United

States Department of Justice ("DOJ"). DOJ is a Department of the Executive Branch of the U.S.

government and an agency within the meaning of 5 U.S.C. § 552(f)(1). FBI is headquartered in

Washington, D.C. and has field offices throughout the country.

## Facts

### The FBI Currently Uses Cell-Site Simulator Technology

6.      The FBI has used cell-site simulator technology to track and locate phones and users

since at least 1995. The FBI's use of cell-site simulator technology in a 1996 hacker investigation

was widely reported by Wired magazine.

7.      On December 14, 2011, Bradley Morrison, an FBI Supervisory Special Agent

assigned as the Unit Chief of the Tracking Technology Unit,  testified in an *ex parte* hearing in

2

District of Arizona criminal case, explaining the nature and use of cell-site simulator technology.

8.     According to Agent Morrison FBI personnel used cell-site simulator equipment to "locate an aircard believed to be used by the defendant in this matter." The device in question "may [incidentally record]" the electronic serial numbers (or their equivalent) during a "location operation."

9.     Government investigators in the FBI and other DOJ components continue to use cell-site simulator technologies, sometimes with a minimal "pen register" authorization or no warrant, even though the legal basis for such intrusive searches is unclear. The constitutionality of such intrusive electronic search methods has recently been called into question by the Supreme Court in *United States v. Jones*

### The FBI Has Documents Responsive to EPIC's FOIA Request

10.     Paragraphs 1-9 above are hereby incorporated by reference as if set forth fully herein.

11.     In order to use a surveillance device like a StingRay or a cell-site simulator, the FBI TTU would possess documents containing technical specifications, procedural requirements, and guidelines for the device.

12.     Because surveillance devices such as StingRay are provided by private companies, the FBI or another DOJ component would possess contracts or statements of work related to the device.

13.     According to Agent Morrison, the FBI believes that certain cell-site simulator devices qualify as a pen register/trap and trace devices, as defined in 18 U.S.C. §§ 3127(3) and (4)..

14.     According to Agent Morrison, the FBI has a policy that "requires that at the conclusion of a local operation, FBI technical personnel are to purge all data in the pen register/trap

and trace equipment."

15.     According to Agent Morrison, such a StingRay or cell-site simulator device would be purged of all data at the conclusion of a local operation (see 13 above) because "[d]uring a local operation, the electronic serial numbers (ESNs) (or their equivalent) from all wireless devices in the immediate area of the FBI device that subscribe to a particular provider may be incidentally recorded, including those of innocent, non-target devices."

16.     The DOJ is obligated to conduct a Privacy Impact Assessment ("PIA") before "developing or procuring information technology that collects, maintains, or disseminates information that is in identifiable form…"

17.     Therefore, the FBI or another DOJ component should have a PIA concerning the use or capabilities of StingRay or other cell-site simulator devices because these devices "collect … information that is in identifiable form," namely, ESNs (or their equivalent).

**EPIC Submitted FOIA Requests to FBI Regarding the Government's Use of Cell-Site Simulator Tracking Technology**

18.     Paragraphs 1-17 above are hereby incorporated by reference as if set forth fully herein.

19.     On February 10, 2012, EPIC transmitted, via facsimile, a FOIA request to FBI for agency records ("EPIC's FOIA Request").

20.     EPIC's FOIA Requests asked for the following agency records:

    a.  All documents concerning technical specifications of the StingRay device or other cell-site simulator technologies; and

    b.  All documents concerning procedural requirements or guidelines for the use of StingRay device or other cell-site simulator technologies (e.g. configuration, data retention, data deletion); and

    c.  All contracts and statements of work that relate to StingRay device or other cell-site simulator technologies; and

4

    d.   All memoranda regarding the legal basis for the use of StingRay device or other cell-site simulator technologies.

    e.   All Privacy Impact Assessments or Reports concerning the use or capabilities of StingRay device or other cell-site simulator technologies.

21.    EPIC also asked FBI to expedite its response to EPIC's FOIA requests because EPIC is primarily engaged in disseminating information and the requests pertained to a matter about which there was an urgency to inform the public about an actual or alleged federal government activity. EPIC made this request pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II) (2010). EPIC based the request on the need for the public to obtain information about warrantless government surveillance techniques that can be used to conduct suspicionless searches in violation of fundamental Fourth Amendment rights as recently described by the Supreme Court in *United States v. Jones*.

22.    EPIC also requested "News Media" fee status under the Freedom of Information Act, based on its status as a "representative of the news media."

23.    EPIC further requested waiver of all duplication fees because disclosure of the records requested in EPIC's FOIA Request will contribute significantly to public understanding of the operations and activities of the Government.

**FBI Failed to Perform a Sufficient Search and Failed to Produce Any Documents in Response to EPIC's FOIA Request**

24.    Paragraphs 1-23 above are hereby incorporated by reference as if set forth fully herein.

25.    On February 16, 2012, FBI wrote to EPIC acknowledging receipt of EPIC's FOIA Request. FBI stated that the agency was searching the indices of their Central Records System for information responsive to EPIC's FOIA Request. FBI stated that EPIC's request for a fee waiver was being considered.

26.     FBI assigned EPIC's FOIA Request the file number 1182490-000.

27.     Through the date of this pleading, FBI has not contacted EPIC again regarding the status of EPIC's FOIA Request, request for expedited processing, or fee waiver request.

28.     Through the date of this pleading, FBI has not disclosed a single agency record in response to EPIC's FOIA Request.

### EPIC Filed an Administrative Appeal with DOJ Appellate Division

29.     Paragraphs 1-30 above are hereby incorporated by reference as if set forth fully herein.

30.     On March 20, 2012, EPIC transmitted, via U.S. Mail, a written administrative appeal to the DOJ Appellate Division ("EPIC's Administrative Appeal to DOJ").

31.     According to the FBI's website, all FOIA appeals are processed by the DOJ's Office of Information Policy ("OIP").

32.     EPIC's Administrative Appeal to DOJ appealed FBI's failure to disclose relevant records in its possession. EPIC also reiterated its request for "news media" fee status and expedited processing.

33.     EPIC's Administrative Appeal to DOJ requested expedited processing for the appeal.

34.     DOJ failed to respond to EPIC within the twenty-day time period prescribed by 5 U.S.C. § 552(a)(6)(A)(ii) (2012).

35.     DOJ's failure to respond within the twenty-day statutory time limit constitutes a constructive denial of EPIC's appeal.

36.     DOJ also failed to act on EPIC's appeal of its request for expedited processing "expeditiously" as required by 28 C.F.R. § 16.5(d)(4). DOJ is in violation of its own binding FOIA

regulation.

## Count I
### Violation of FOIA: Failure to Comply With Statutory Deadlines (Against FBI)

37.     Paragraphs 1-36 above are hereby incorporated by reference as if set forth fully herein.

38.     As described above, Defendant FBI's responses to EPIC's FOIA Request violated the statutory deadlines imposed by the FOIA, including the deadlines set forth in 5 U.S.C. § 552(a)(6)(E)(ii)(I) and 5 U.S.C. § 552(a)(6)(A)(ii).

39.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

40.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Count II
### Violation of FOIA: Failure to Make Reasonable Efforts to Search for Responsive Records (Against FBI)

41.     Paragraphs 1-40 above are hereby incorporated by reference as if set forth fully herein.

42.     As described above, Defendant FBI's failure to make reasonable efforts to search for responsive documents violates FOIA, 5 U.S.C. § 552(a)(3)(C).

43.     There exists no basis for Defendant's failure to make reasonable efforts to search for responsive records.

44.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

45.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

**Count IV**
**Violation of FOIA: Unlawful Withholding of Agency Records (Against FBI)**

46.     Paragraphs 1-45 above are hereby incorporated by reference as if set forth fully herein.

47.     As described above, FBI has failed to comply with statutory deadlines and failed to make reasonable efforts to search for responsive documents.

48.     As a result of FBI's unlawful delay and failure to conduct a reasonable search, the agency has withheld responsive agency records from EPIC in violation of FOIA, 5 U.S.C. § 552(a)(3)(A).

49.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

50.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

**Count V**
**Violation of FOIA: Failure to Classify EPIC as a Representative of the News Media for Purposes of Assessing Processing Fees (Against FBI)**

51.     Paragraphs 1-50 above are hereby incorporated by reference as if set forth fully herein.

52.     As described above, FBI has constructively denied EPIC's request for "news media" fee status in violation of FOIA, 5 U.S.C. § 552(a)(4)(A)(ii)(II).

53.     EPIC has exhausted the applicable administrative remedies with respect to EPIC's FOIA Request.

54.     EPIC is entitled to injunctive relief compelling the release and disclosure of the requested agency records.

## Requested Relief

WHEREFORE, Plaintiff prays that this Court:

A.    order Defendant to conduct a reasonable search for all responsive records;

B.    order Defendant to promptly disclose to plaintiff responsive agency records;

C.    order Defendant to recognize Plaintiff's "news media" fee status for the purpose of EPIC's FOIA Requests, waive all duplication fees, and disclose all responsive agency records without charge;

D.    order Defendant to grant Plaintiff's request for expedited processing;

E.    award Plaintiff its costs and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E) (2010); and

F.    grant such other relief as the Court may deem just and proper.


Respectfully submitted,


By:     /s/ Ginger P. McCall
           Ginger P. McCall (DC Bar #1001104)
           Marc Rotenberg, Esquire (DC Bar # 422825)
           Alan Butler[*]
           ELECTRONIC PRIVACY INFORMATION
           CENTER
           1718 Connecticut Avenue, N.W.
           Suite 200
           Washington, D.C. 20009
           (202) 483-1140 (telephone)
           (202) 483-1248 (facsimile)


Dated:  April 26, 2012

---

* Mr. Butler is currently admitted to practice in the state of California.