**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ELECTRONIC PRIVACY ) <br> INFORMATION CENTER ) <br>  ) <br> Plaintiff, ) <br> v. ) <br>  ) <br> FEDERAL BUREAU ) <br> OF INVESTIGATION ) <br>  ) <br> Defendant. ) <br> _____) | Civil Action No.  1:12-cv-00667(CKK) |

**DEFENDANT'S ANSWER**

Defendant Federal Bureau of Investigation, through undersigned counsel, hereby answers Plaintiff Electronic Privacy Information Center's Complaint for Injunctive Relief ("Complaint") as follows:

1. Paragraph 1 of the Complaint contains Plaintiff's characterization of the nature of this action and its claims, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in the paragraph.

2. Paragraph 2 of the Complaint contains Plaintiff's characterization of the nature of this action and its claims and the relief sought, to which no response is required.  To the extent a response is deemed required, Defendant denies the allegations contained in the paragraph.

3. This paragraph contains conclusions of law, to which no response is required.

4. Defendant is without knowledge or information sufficient to admit or deny the allegations contained in paragraph 4 of the Complaint.

5. Defendant admits that it is a component of the U.S. Department of Justice, an Executive Branch of the U.S. government and an agency under 5 U.S.C. § 552(f)(1).  Defendant

also admits that it is headquartered in Washington, D.C. with field offices throughout the U.S.

6. First sentence: Defendant admits that it has used cell-site simulator technology to track and locate phones; Defendant is without knowledge or information sufficient to admit or deny the date.  Second sentence: Defendant is without knowledge or information sufficient to admit or deny this sentence.

7. Admit that FBI Special Supervisory Agent ("SSA") Bradley Morrison testified in an *ex parte* hearing on December 14, 2011 in *United States v. Rigmaden*, 2:08-cr-814 (D. Az.), regarding cell-site simulator technology.

8. Admit that SSA Morrison's public affidavit in *United States v. Rigmaden* included the quoted excerpts.

9. This paragraph contains Plaintiffs' characterizations and conclusions of law, to which no response is required.

10. This paragraph repeats and re-alleges the preceding paragraphs.  To the extent a response is deemed required, Defendant respectfully refers the Court to its responses to specific preceding paragraphs.

11. Admit that the FBI possesses documents concerning the use of a cell-site simulator device.

12. Admit that the FBI possesses contracts concerning surveillance devices.

13. Admit that Agent Morrison's public affidavit in *United States v. Rigmaden* indicated that FBI cell-site simulator devices qualify as pen register/trap devices, as defined in 18 U.S.C. §§ 3127(3)-(4).

14. Admit that SSA Morrison's public affidavit in *United States v. Rigmaden* included the quoted excerpt, with the exception that "local operation" should read "location

operation."

15.     Admit that SSA Morrison's public affidavit in *United States v. Rigmaden* included the quoted excerpt, with the exception that "local operation" should read "location operation."

16.     This paragraph contains conclusions of law, to which no response is required.

17.     This paragraph contains conclusions of law, to which no response is required.

18.     This paragraph repeats and re-alleges the preceding paragraphs.  To the extent a response is deemed required, Defendant respectfully refers the Court to its responses to specific preceding paragraphs.

19.     Admit that Plaintiff submitted a request under the Freedom of Information Act to Defendant on February 10, 2012 via facsimile, hereinafter referred to as "FOIA request."

20.     Admit that Plaintiff's FOIA request included the items listed in subparagraphs (a)-(e).

21.     First sentence: Admit Plaintiff included a request for expedited processing with its FOIA request, but Defendant is without knowledge or information sufficient to admit or deny the basis of Plaintiff's request.  Second sentence: Admit Plaintiff requested expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E)(v)(II).  Third sentence:  Defendant is without knowledge or information sufficient to admit or deny this sentence.

22.     Admit Plaintiff included a request for "News Media" fee status with its FOIA request and that its request cited a prior Court decision finding that it was a "representative of the news media."

23.     Admit Plaintiff requested waiver of duplication fees with its FOIA request and that Defendant agreed, in this instance, that Plaintiff's FOIA request will contribute to public

understanding of the operations and activities of Government.

24. This paragraph repeats and re-alleges the preceding paragraphs. To the extent a response is deemed required, Defendant respectfully refers the Court to its responses to specific preceding paragraphs.

25. First sentence: Admit that Defendant acknowledged Plaintiff's FOIA request by letter dated February 16, 2012. Second sentence: Admit that Defendant indicated it was searching its Central Records System for potentially responsive records. Third sentence: Admit that Defendant's letter stated that it was considering Plaintiff's fee waiver request.

26. Admit that Defendant assigned No. 1182490-00 to Plaintiff's FOIA request.

27. Admit that Defendant had not corresponded with Plaintiff as of the date of the filing of Plaintiff's Complaint, but aver that the FBI sent Plaintiff two letters dated June 4, 2012, one granting Plaintiff's fee waiver request and the second denying Plaintiff's request for expedited processing.

28. Admit that Defendant has not disclosed agency records in response to Plaintiff's FOIA request.

29. This paragraph repeats and re-alleges the preceding paragraphs. To the extent a response is deemed required, Defendant respectfully refers the Court to its responses to specific preceding paragraphs.

30. Admit that, on March 19, 2012, Plaintiff transmitted via facsimile an appeal related to its FOIA request to the Department of Justice Office of Information Policy, but Defendant is without knowledge or information sufficient to admit or deny whether a copy of this letter was sent via U.S. Mail on March 20, 2012.

31. Admit that Defendant instructs FOIA requesters to file any appeal related to FOIA

with the Office of Information Policy.

32. First sentence: Admit that Plaintiff appealed Defendant's non-disclosure of agency records in response to Plaintiff's FOIA request. Second sentence: Admit Plaintiff's appeal reiterated a request for "news media" fee status and expedited processing.

33. Admit that Plaintiff requested expedited processing of its appeal.

34. This paragraph contains a conclusion of law, to which no response is required.

35. This paragraph contains a conclusion of law, to which no response is required.

36. This paragraph contains conclusions of law, to which no response is required.

37. This paragraph repeats and re-alleges the preceding paragraphs. To the extent a response is deemed required, Defendant respectfully refers the Court to its responses to specific preceding paragraphs.

38. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

39. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

40. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

41. This paragraph repeats and re-alleges the preceding paragraphs. To the extent a response is deemed required, Defendant respectfully refers the Court to its responses to specific preceding paragraphs.

42. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

43. This paragraph contains conclusions of law, to which no response is required. To

the extent a response is deemed required, Defendant denies the allegations.

44. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

45. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

46. This paragraph repeats and re-alleges the preceding paragraphs. To the extent a response is deemed required, Defendant respectfully refers the Court to its responses to specific preceding paragraphs.

47. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

48. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

49. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

50. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

51. This paragraph repeats and re-alleges the preceding paragraphs. To the extent a response is deemed required, Defendant respectfully refers the Court to its responses to specific preceding paragraphs.

52. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

53. This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

54.     This paragraph contains conclusions of law, to which no response is required. To the extent a response is deemed required, Defendant denies the allegations.

The balance of the Complaint constitutes a prayer for relief, to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever.

Defendant hereby denies all allegations in Plaintiff's Complaint not expressly admitted or denied.

THEREFORE, having fully answered, Defendant asserts that Plaintiff is not entitled to the relief requested, or to any relief whatsoever, and request that this action be dismissed in its entirety with prejudice and that Defendant be given such other relief as this Court deems proper, including costs and disbursements.

Dated: June 13, 2012                                        Respectfully submitted,

                                                             STUART F. DELERY
                                                             Acting Assistant Attorney General

                                                             ELIZABETH J. SHAPIRO
                                                             Deputy Branch Director

                                                             */s/  Kimberly L. Herb*
                                                             KIMBERLY L. HERB
                                                            (Illinois Bar # 6296725)
                                                            Trial Attorney
                                                            United States Department of Justice
                                                            Civil Division, Federal Programs Branch
                                                            P.O. Box 883
                                                            Washington, DC 20044
                                                            Tel: (202) 305-8356
                                                            Fax: (202) 616-8470
                                                            kimberly.l.herb@usdoj.gov

                                                            *Counsel for Defendant*