# Exhibit 1

*Electronic Privacy Information Center v. Federal Bureau of Investigation*,
No. 12-0667 (CKK)

Plaintiff's Opposition to Defendant's Motion for an *Open America* Stay

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER,<br>    Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>    Defendant. | C.A. No: <u>12-cv-00667</u> |

## DECLARATION OF GINGER P. MCCALL

I, GINGER P. MCCALL, declare as follows:

1. I am counsel for the Plaintiff Electronic Privacy Information Center ("EPIC") in the above-captioned action.

2. Plaintiff EPIC is a non-profit corporation located in Washington, D.C. EPIC is a public interest research center, which was established in 1994 to focus public attention on emerging civil liberties issues and to protect privacy, the First Amendment, and other constitutional values. EPIC frequently submits requests under the Freedom of Information Act ("FOIA") and publishes documents on its website in order to inform the public about the activities of federal agencies that implicate important privacy interests.

1

3. On February 10, 2012, EPIC sent a FOIA request via facsimile to David M. Hardy, Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division of the Federal Bureau of Investigation ("FBI") for records related to the agency's use of StingRay or similar cell phone tracking technology. On February 21, 2012, EPIC received a letter from Mr. Hardy, dated February 16, 2012, which acknowledged receipt of EPIC's FOIA request. Mr. Hardy stated that the agency was searching its Central Records System for information responsive to the EPIC FOIA request and that the agency was considering EPIC's request for a fee waiver. Mr Hardy did not indicate whether the FBI was considering EPIC's request for expedited processing. EPIC's request was assigned FOIPA Request No. 1182490-000.

4. On March 20, 2012, EPIC sent an administrative appeal via certified mail to Melanie Ann Pustay, Director of the Office of Information Policy, U.S. Department of Justice ("DOJ"). At the time EPIC sent its FOIA appeal, it had not received any further communication from the FBI regarding its February 10th request. EPIC's appeal addressed the FBI's failure to respond within the statutory timeline, and renewed EPIC's requests for fee waiver status and expedited processing.

5. On April 26, 2012, EPIC filed this lawsuit under the FOIA requesting injunctive and other appropriate relief, including the release of agency records responsive to its February 10th request. EPIC acknowledges that the FBI has provided a copy of a letter from the DOJ Office of Information Policy on April 5, 2012 acknowledging the receipt of EPIC's FOIA appeal, but to my knowledge EPIC never received this letter.

6. On May 22, 2012, EPIC received a letter from the DOJ Office of Information Policy stating that it had responded to EPIC's appeal.

7. On June 6, 2012, EPIC received two letters from Mr. Hardy. The first letter stated that the agency had granted EPIC's fee waiver request. The second letter stated that agency had denied EPIC's request for expedited processing.

8. On June 8, 2012, the Court ordered the parties to file a joint proposed schedule no later than June 27, 2012. On June 25-27, 2012 I had three conversations with Counsel for FBI Ms. Kimberly Herb. EPIC Director Marc Rotenberg and EPIC Appellate Advocacy Fellow Alan Butler also participated in these conversations. During the first discussion, Ms. Herb informed us for the first time that the FBI had identified more than 25,000 pages of responsive records, and that the agency estimated it would take more than two years to process these documents. Ms. Herb also

indicated that the agency had classified a majority of the potentially responsive records. Ms. Herb stated that the agency would be willing to process the responsive records at a rate of 1,000 per month and provide interim releases.

9. On June 26, 2012, Ms. Herb informed EPIC via e-mail that she had consulted with the FBI. Ms. Herb provided the FBI's revised estimate, that approximately 25% of the 25,000-30,000 potentially responsive pages contain classified material, according to the agency. Ms. Herb further suggested that the FBI's proposed date for complete production would be October 31, 2014, but that eliminating all documents containing classified material would reduce the production schedule by "approximately six months." Ms. Herb also indicated that the FBI "expect[s] that eliminating operator/user manuals from the request" would narrow the production schedule by approximately six months.

10. On June 26, 2012, EPIC Appellate Advocacy Fellow Alan Butler sent an e-mail to Ms. Herb indicating that EPIC would be willing to narrow the scope of its request and exclude documents "in active investigations," and further inquiring as to the categories of documents in the request that contain classified material, and inquiring as to why operations manuals would be particularly burdensome to process. Ms. Herb

responded that the extent of material related to "active investigations" was unclear. She indicated that the amount of classified material related to each category of requested documents was also unclear. Finally, she stated that the FBI believed many of the manuals would be covered by FOIA Exemption (b)(4) due to "copyright issues."

11. On June 27, 2012, the parties submitted to this Court a joint proposed schedule, including separate proposals by EPIC and the FBI for the rate of document production. At the time that the joint proposed schedule was filed, EPIC had not received sufficient information regarding the volume and nature of the documents in the "classified" and "operations manual" categories to make an informed determination regarding narrowing the scope of its request. As a result, EPIC's proposed schedule reflected a standard sixty-day production period common in other FOIA cases before this Court.

12. EPIC is still willing to narrow the scope of its request and to prioritize document processing to enable the agency's compliance with this request. However, EPIC is unwilling to exclude all materials containing information classified by the agency without a prior accounting of how many pages of documents would be affected and without opportunity for judicial review of the agency's determination.

13. EPIC frequently submits FOIA requests for technical documentation from federal agencies, and in the past it has uncovered information in operations and user manuals that is of critical importance and interest to the public.

Under penalty of perjury, I hereby affirm that the foregoing is true and correct to the best of my knowledge and belief.

08/20/2012
DATE

GINGER P. MCCALL