UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELECTRONIC PRIVACY INFORMATION CENTER<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL BUREAU OF INVESTIGATION<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil No. 1:12-cv-00667 (CKK)<br>)<br>)<br>)<br>)<br>) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order on May 31, 2013, Plaintiff Electronic Privacy Information Center ("EPIC") and Defendant Federal Bureau of Investigation ("FBI") have conferred and hereby submit the following joint status report:

1. Plaintiff filed this action on April 27, 2012, seeking injunctive and other appropriate relief under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, including the release of agency records requested by EPIC on February 10, 2012 ("EPIC FOIA Request").

2. The EPIC FOIA Request covered five categories of documents:

    a. All documents concerning technical specifications of the StingRay device or other cell-site simulator technologies; and

    b. All documents concerning procedural requirements or guidelines for the use of StingRay device or other cell-site simulator technologies (e.g. configuration, data retention, data deletion); and

    c. All contracts and statements of work that relate to StingRay device or other cell-site simulator technologies; and

    d. All memoranda regarding the legal basis for the use of StingRay device or other cell-

        site simulator technologies; and

   e.   All Privacy Impact Assessments or Reports concerning the use or capabilities of StingRay device or other cell-site simulator technologies.

3. Pursuant to the Court's Order on June 14, 2012, the parties submitted a Joint Proposed Schedule on June 27, 2012, in which the Defendant agreed to review a minimum of 1,000 pages of responsive documents per month. However, the parties disagreed as to the proposed deadline for final production and the proposed briefing schedule.

4. In response to the Joint Proposed Schedule, on July 1, 2012, the Court ordered that Defendant file a motion for an *Open* America stay or the Court would adopt Plaintiff's proposed production schedule. Defendant subsequently filed a Motion for an *Open America* Stay on July 30, 2012, and briefing was completed on August 30, 2012.

5. On October 3, 2012, the Defendant sent Plaintiff the first production of documents via USPS. The Defendant has since produced documents on a rolling basis through July 30, 2013, at which point Defendant's production was complete.

6. The Court denied Defendant's Motion for an *Open America* Stay in a Memorandum Opinion and Order on March 28, 2013. That order stated:

> The FBI shall produce all responsive, non-exempt records not subject to classification review to the Plaintiff on a rolling basis, but by no later than August 1, 2013. By no later than May 31, 2013, the FBI shall identify how many pages are subject to classification/declassification review and propose a deadline for completing production of all responsive, non-exempt records after classification/declassification review.

7. On May 30, 2013, the Defendant submitted the required Notice Regarding Number of Classified Pages to the Court, representing that the classification review had been completed and "all responsive, non-exempt records that had been subjected to classification review will be processed and produced to Plaintiff on a rolling basis no later than August 1, 2013."

Subsequently the Court ordered on May 31, 2013 that, in light of the Defendant's Notice, that "all responsive, non-exempt records" be produced "on a rolling basis by no later than August 1, 2013." The Court also ordered that "[o]n or before August 30, 2013, the parties shall file a joint status report proposing a schedule for proceeding in this matter."

8. Between October 3, 2012 and July 30, 2013, the Defendant sent 13 separate sets of documents to the Plaintiff, and produced a total of 4,377 pages in whole or in part. The Defendant reviewed a total of 22,982 pages and withheld in full 18,605 pages.

9. The Plaintiff acknowledges that the Defendant has produced some responsive records, but does not have sufficient information to determine whether Defendant has produced all non-exempt records. Specifically, the Plaintiff does not have sufficient information to evaluate the Defendant's withholdings under Exemption 3 and Exemption 7(E). The Plaintiff notes that the Defendant has asserted (b)(3) and (b)(7)(E) Exemptions as to the majority of pages withheld in whole or in part. The Defendant has not identified a specific statutory section or otherwise connected the withheld records to its asserted (b)(3) Exemption, but rather the Defendant refers generally to "The National Security Act of 1947." Plaintiff does not question the Defendant's asserted (b)(1), (b)(4), (b)(5), or (b)(7)(C) Exemptions as to pages withheld in whole or in part.

10. The Defendant is required to submit a *Vaughn* Index pursuant to summary judgment proceedings in this matter. However, the parties are willing to try to resolve this matter prior to summary judgment to avoid using judicial resources.  Defendant has agreed to provide Plaintiff with a draft *Vaughn* Index for a sample of up to 500 pages of responsive documents within thirty (30) days of receiving the sample selection.  Defendant's *Vaughn* Index need not address its withholdings under (b)(1), (b)(4), (b)(5), or (b)(7)(C), but it will include a

specific statutory provision for withholdings claimed solely under (b)(3).  Plaintiff may choose the up to 500 pages that will comprise the sample.  Plaintiff will then review the draft *Vaughn* Index and make a determination regarding how to proceed in this matter within 14 days of receipt. If the Plaintiff is satisfied that the *Vaughn* Index sufficiently supports the claimed (b)(3) and (b)(7)(E) exemptions, then the Plaintiff will consider a proposed settlement; if not, then the parties will confer regarding a proposed briefing schedule for dispositive motions. In light of the above, the parties propose that the Court set the following deadlines:

| | |
|---|---|
| Plaintiff Selects Sample and Provides Information to Defendant: | August 30, 2013 |
| Defendant Produces a Representative Sample Vaughn Index: | October 1, 2013 |
| Plaintiff and Defendant Submit a Joint Status Report: | November 1, 2013 |

11. In the event that the parties are able to resolve or further limit the issues before the Court, the parties will promptly inform the Court and propose any appropriate modifications to the schedule.

| | |
|---|---|
| Date: August 29, 2013 | Respectfully submitted, |
| | |
| MARC ROTENBERG<br>Executive Director | STUART F. DELERY<br>ELIZABETH J. SHAPIRO<br>Deputy Branch Director |
| */s/   Alan Jay Butler*<br>ALAN JAY BUTLER<br>(DC Bar # 1012128)<br>Appellate Advocacy Counsel<br>Electronic Privacy Information Center<br>1718 Connecticut Avenue, N.W.<br>Suite 200<br>Washington, D.C. 20009<br>Tel: (202) 483-1140<br>Fax: (202) 483-1248<br>butler@epic.org | */s/   Kimberly L. Herb*<br>KIMBERLY L. HERB<br>(Illinois Bar # 6296725)<br>Trial Attorney<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>P.O. Box 883<br>Washington, DC 20044<br>Tel: (202) 305-8356<br>Fax: (202) 616-8470<br>Kimberly.L.Herb@usdoj.gov |
| Attorneys for Plaintiff | Attorneys for Defendants |

5