# EXHIBIT 10



FUTURE TENSE | THE CITIZEN'S GUIDE TO THE FUTURE | JULY 24 2013 5:19 PM

# DoJ Accused of Illegally Withholding Info on Clandestine Cellphone Surveillance Tool

By Ryan Gallagher



Stingrays: not just wildlife

Photo by ROSLAN RAHMAN/AFP/Getty Images

In the aftermath of recent revelations about secret NSA surveillance programs, the Justice Department is coming under renewed pressure to release information about a controversial cellphone tracking device.

In a new Freedom of Information Act lawsuit filed in California earlier this month, the DoJ is accused of illegally withholding a trove of records related to a clandestine tool known as the "Stingray." The Stingray is a portable transceiver that sends out a signal that tricks all cellphones within a targeted area into hopping onto a fake network. The spy device, sometimes also described as an "IMSI catcher" or a "digital analyzer," is used by law enforcement

agencies to covertly track down suspects. The FBI claims that it uses the device only to monitor the location of individuals and not to eavesdrop on text messages and phone calls. However, every time Stingrays are used, they inadvertently collect identifying data from all phones within a targeted radius—including those belonging to innocent bystanders—which is why civil liberties groups allege that they disproportionally violate privacy.

Following the leak of NSA documents showing the extent of the agency's surveillance programs, the ACLU's Northern California branch filed a lawsuit in an attempt to get the DoJ to turn over information about the use of the "highly intrusive and indiscriminate" Stingray tool. In the complaint, the ACLU argues that concern prompted by the NSA stories illustrates that there is a "great urgency to inform the public about any and all forms of dragnet electronic surveillance by the government." The group says that it filed a FOIA request for the Stingray documents back in April, but has not yet received any documents in response. It further accuses the DoJ of the "illegal withholding of government documents" and is asking that the court order the "prompt" release the files and declare the non-disclosure unlawful.

Advertisement


On Wednesday, the ACLU told me that it was still awaiting the government's response to the court filing. The DoJ declined a request for comment.

Prior to the NSA leaks, the case for greater transparency about the Stingray was already looking strong, but the disclosures will only help. A separate FOIA effort by the ACLU of Northern California revealed that federal agents in the state were apparently using a Stingray without "explicit" legal approval. The rights group said at the time that it believed a series of emails it had obtained, sent from the office of the U.S. attorney for the Northern District of California, showed how the government was "engaged in a widespread practice of withholding important information for judges, and that it did so for years."

The Washington-based Electronic Privacy Information Center is also engaged in an attempt to obtain details about Stingrays and has been publishing a series of heavily redacted documents handed over by the FBI as part of its own FOIA suit. As I have previously reported here, the FBI has acknowledged that it holds 25,000 pages of documents that relate to Stingray tools, about 6,000 of which are classified. EPIC's work so far has helped shine a light on how the feds have been using Stingray-style technology for almost two decades and appear aware that when deploying the surveillance tool they are in dubious legal territory.

In May, however, the FBI won a highly-publicized battle against privacy advocates in *U.S. v. Rigmaiden*, an Arizona court case that first brought the Stingray to widespread public attention. The ACLU had filed an amicus brief in the case alleging that when the FBI sought authorization to use the Stingray, it concealed information about the device from the magistrate and that the use of the tool had violated the Fourth Amendment, which protects against

unreasonable searches and seizures. But the judge ruled that the use of the Stingray to track down the suspect, who was accused of fraud and identify theft, did not constitute a "severe intrusion" and ultimately held that "no Fourth Amendment violation occurred."

Slate is published by The Slate Group, a Graham Holdings Company. All contents © 2014 The Slate Group LLC. All rights reserved.